The next matter on our calendar is Nathan Crowell v. Commissioner of Social Security. Thank you. Good morning. Good morning. My name is Nathaniel Crowell, and my request to the Court is very straightforward. Simply two things. I ask that the Court find that the Commissioner's decision to terminate my disability benefits in October of 2004 is not based on substantial evidence, and as well the decision is tainted with harmful legal error. And the second thing is that the normal remedy for that would be a remand to the Social Security Administration for further consideration. But I also ask that the Court find that the record is fully developed to demonstrate that my condition meets the listing that I've asked, that I've mentioned listing 1408I, and as well that there are no issues that demand the expertise of the Social Security Administration. There are no outstanding issues. And subsequent to that, that any remand would be a remand solely for the calculation of benefits. And that's about it. Okay. Okay. If that's all you want to say, you can reserve a couple of minutes. We'll hear from Social Security, and then you can retake the podium. Okay. May it please the Court, my name is Allison Rovner. I'm an Assistant U.S. Attorney for the Southern District of New York. I represent Defendant Commissioner of Social Security. Substantial evidence supports the ALJ's decision, including the ALJ's determination that Mr. Crowell did not satisfy listing 14.08I, and that Mr. Crowell had medically approved, such that he was no longer disabled. The ALJ's decision was also free of legal error. And for that reason, the District Court's judgment should be affirmed. If the Court were to reverse, contrary to Mr. Crowell's arguments, the proper remedy would be a remand for further proceedings rather than for an award of benefits. There was not persuasive proof of disability, but for the reasons explained in the Commissioner's brief, the ALJ's decision was supported by substantial evidence and free of legal error. Unless the Court has any questions, the government rests on its brief. How did the ALJ treat the records of the treating physician? Which treating physician is Your Honor referring to? I'm just looking for the name of the treating physician. Dr. Schwartz? I don't think it was Dr. Schwartz. I thought it was a different doctor who was viewed as the treating physician and whose opinion seemed to get short shrift by the ALJ. There was another doctor who Mr. Crowell refers to in his brief. It's Dr. Jane. Perhaps that's the one. And speak about how the ALJ treated the treating physician's testimony. With respect to Dr. Jane, Mr. Crowell's brief argues that the ALJ didn't sufficiently consider a discharge note by Dr. Jane. This discharge note doesn't seem to actually help Mr. Crowell's position because the discharge note stated that Mr. Crowell's symptom of diarrhea improved and it stated that one type of diarrhea, infectious diarrhea, had entirely resolved with antibiotic treatment. And then it speculated that a different type of diarrhea, chronic diarrhea, was questionably related to his HIV and that it speculated that if so, it would further improve when Mr. Crowell began treatment with highly active antiretroviral therapy. And that discharge note was dated November 29, 2002. Mr. Crowell was then discharged from the hospital, and on December 16, 2002, he told his treating providers at Montefiore Medical Group that he no longer had any diarrhea. I think you're right. It was Dr. Schwartz whose own notes the day before she filed the SSA form did not state that Mr. Crowell suffered from diarrhea at the time. That's in the report. All right. Thank you. That was my question. Thank you. All right. Mr. Crowell, we discussed only the treating physicians. You two have Dr. Jane and Dr. Schwartz. You can add anything. All that I would add is that the commissioner's interpretation of the discharge note that Dr. Jane wrote is an impartial, I'm sorry, is to some degree a misconstruction of the note itself. One of the reasons why I highlighted the note in the briefs is that the note actually indicates, importantly for the case, that there were two types of diarrhea present when I was admitted to the hospital. There was infectious diarrhea, and as well there was a chronic diarrhea etiology unknown. The infectious diarrhea, as the commissioner stated, did resolve with antibiotic treatment, but the chronic diarrhea etiology unknown would remain. And why that's significant is because, again, the case itself, my case, my pleadings for disability benefits, has been based upon this chronic diarrhea etiology unknown, not upon all of the diarrhea, again, that I was admitted to the hospital with. So, again, not both types of diarrhea, just that diarrhea that remained after the treatment that Dr. Jane administered. And, again, the listing itself is pretty straightforward. It simply asks for an HIV infection. It asks for diarrhea accompanying that HIV infection. It asks that diarrhea should have lasted more than one month. It asks that there should also have been intravenous alimentation or intravenous hydration. And as far as the diarrhea, again, it asks the diarrhea should have been resistant to treatment. To that extent, this chronic diarrhea that's illustrated in this note satisfies all of those, satisfies all the requirements of 1408I, of the listing itself. So for that reason, the note is actually relatively important because then it extracts exactly what actually happened while I was in the hospital. And it parses out that there was a type of diarrhea that remained. And that type of diarrhea should serve as the basis of my claim for disability benefits. All right. Well, we have your papers. We have the full record in front of us. Okay. So I thank you. We'll reserve decision. Thank you, Mr. Crowley. All right. Thank you all very much, too. The last case on our calendar is on submission. So I'll ask the clerk to adjourn court. Court is standing adjourned.